FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY LYNN S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:19-CV-00139-FVS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 8, 9. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Lora Lee Stover. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 8, is denied and Defendant's Motion, ECF No. 9, is granted.

**JURISDICTION**

ORDER ~ 1

Plaintiff Kimberly Lynn S.[1] (Plaintiff), filed for disability insurance benefits on June 10, 2016, alleging an onset date of February 1, 2016. Tr. 244-45. Benefits were denied initially, Tr. 173-75, and upon reconsideration, Tr. 180-86. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on January 16, 2018. Tr. 115-44. On March 30, 2018, the ALJ issued an unfavorable decision, Tr. 12-32, and on March 12, 2019, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 41 years old at the time of the hearing. Tr. 119. She graduated from high school and has an A.A.S. degree. Tr. 138. She has work experience as a certified nurse assistant, as a call center customer service representative, and as a fast food worker. Tr. 138-41.

Plaintiff testified that she has depression and anxiety. Tr. 130-31. She has diabetes and her blood sugars are erratic and difficult to control. Tr. 131-32. She has to take extra breaks at work to test her blood sugar. Tr. 132-33. She had a mini

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

stroke and has had short-term memory deficits ever since. Tr. 134. She has had occupational therapy for her memory problems and hand tremors. Tr. 135-36. Plaintiff testified she has difficulty using a telephone due to her tremors. Tr. 136.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it

ORDER ~ 3

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the

ORDER ~ 4

claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

ORDER ~ 5

not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 1, 2016, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, obesity, borderline personality disorder, depressive disorder, generalized anxiety disorder,

ORDER ~ 6

and panic disorder. Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> she can never climb ladders, ropes, or scaffolds but can frequently stoop and climb ramps and stairs. She should avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. She is limited to simple routine tasks due to both physical and mental impairments and she can have only occasional and superficial interaction with coworkers and the public.

Tr. 19.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 24. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as merchandise marker, grain picker, and grain mixer. Tr. 25. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2016, through the date of the decision. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability insurance benefits under Title II of the Social Security Act. ECF No. 8. Plaintiff raises the following issues for review:

ORDER ~ 7

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ made a proper residual functional capacity finding.

ECF No. 8 at 10-14.

## DISCUSSION

**A.    Symptom Claims**

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 8 at 10-12. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

ORDER ~ 8

1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found Plaintiff's physical symptom claims are not entirely consistent with the medical record. Tr. 20. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may

ORDER ~ 9

be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ discussed the medical record in detail and observed that Plaintiff's neurological examinations have been normal with no indication of diabetic complications or brittle diabetes as alleged. Tr. 20-21. After a treatment for an episode of diabetic ketoacidosis in September 2015, Plaintiff's diabetes was improving although she was not testing enough, with the same findings in August 2016 and February and June 2017. Tr. 20-21, 375, 466, 739, 741, 745, 750. At a September 2016 exam by physician Jeffrey Jamison, D.O., the findings in all areas were normal except for mild spondylosis noted in an x-ray of her spine. Tr. 21, 477-84. Exams in July, August and November 2016 and February, March, May, and June 2017 were unremarkable and indicated that Plaintiff was neurologically intact. Tr. 21, 491-505, 607-24, 735-83, 802-17.

In March 2017, Plaintiff's diabetes was noted to be relatively well controlled, Tr. 673, 679, but she later had another episode of diabetic ketoacidosis when she had not been medically compliant with her insulin pump because she ran out of insulin while traveling out-of-state. Tr. 21, 609, 740. A possible CVA (cerebrovascular accident/stroke) had occurred, but she was noted to have made an "amazing recovery" and Plaintiff reported no residual injury except diminished memory. Tr. 21, 740. In October 2017, Plaintiff requested a referral for occupational therapy due to short-term memory loss, but her motor deficits had resolved, she denied weakness, paralysis, and paresthesias, and had no visual or speech problems. Tr. 21,

ORDER ~ 10

628.  She was treated for hyperglycemia in October and December 2017.  Tr. 21, 726, 904.  Based on the foregoing, the ALJ reasonably found that disabling complications from diabetes or brittle diabetes is not supported by the record.

Without citing the record, Plaintiff contends that the medical evidence supports her allegations because she complained of pain in her hands and feet and was diagnosed with neuropathy.  ECF No. 8 at 11.  However, the ALJ observed that while Plaintiff complained of neuropathy, Tr. 746-48, 791-92 (duplicate record Tr. 856-57), exam findings were unremarkable, she was neurologically intact, and her diabetes was noted to be under control.  Tr. 739, 753, 768, 785-88, 807.  The ALJ's finding is supported by substantial evidence.

Second, the ALJ found that Plaintiff's diabetic ketoacidosis, hyperglycemia, and/or hypoglycemia occurred as a result of Plaintiff's lack of medical compliance.  Tr. 20.   If a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  Plaintiff contends insurance coverage issues and cost prevented her from regular compliance with recommended blood sugar checks.  ECF No. 8 at 12 (citing Tr. 133).  Even so, the ALJ found that treatment effectively resolved the complications of ketoacidosis, and hyperglycemia or hypoglycemia.  Tr. 20; *see supra*.  The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. § 404.1529(c)(3); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions

ORDER ~ 11

effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). The ALJ's reasoning is supported by substantial evidence and this is a clear and convincing reason for giving less weight to Plaintiff's symptom claims.

Third, the ALJ found that Plaintiff's alleged mental limitations are not consistent with the record. Tr. 21-22. The ALJ discussed the mental health evidence in detail and found that Plaintiff's complaints of anxiety are not supported by any significant evidence. Tr. 21-22. The ALJ found that although Plaintiff complained of concentration difficulties, objective findings showed little impairment. Tr. 20. The ALJ cited the report of Samantha Chandler, Psy.D., who examined Plaintiff in September 2016 and diagnosed unspecified depressive disorder with anxious distress. Tr. 21-22, 485-90. Mental status exam results indicated Plaintiff's memory and concentration were within normal limits and her Trail Making Part A and B test results were within normal limits. Tr. 21-22, 487. Dr. Chandler indicated that Plaintiff's exam results indicate good executive functioning and a cognitive ability to learn and remember information, sustain concentration for a reasonable amount of time, understand complex concepts, and follow three-step instructions. Tr. 24, 488-89. Although Plaintiff contends mental impairments affect her cognitive functioning and that her mental illness impacted her activities and her compliance with treatment recommendations, Plaintiff does not

ORDER ~ 12

cite any evidence supporting this claim or contradicting Dr. Chandler's findings. ECF No. 8 at 12. The ALJ's conclusion that Plaintiff's mental health limitations are not fully supported by the record is supported by substantial evidence.

Fourth, the ALJ found Plaintiff's mental health treatment has been limited and she reported improvement with the treatment she had. Tr. 20. When there is no evidence suggesting a failure to seek treatment is attributable to a mental impairment rather than personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the level of complaints. *Molina*, 674 F.3d at 1113-14. The ALJ also found that most of her mental health complaints were related to familial problems. Tr. 20. If a claimant suffers from limitations that are transient and result from situational stressors, as opposed to resulting from a medical impairment, an ALJ may properly consider this fact in discounting Plaintiff's symptom claims. *See Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016) (symptom testimony properly rejected in part because "the record support[ed] the ALJ's conclusion that [plaintiff's] mental health symptoms were situational"). Plaintiff does not challenge or address these reasons and the Court concludes they are clear and convincing reasons supported by substantial evidence.

**B.    Residual Functional Capacity and Step Five**

Plaintiff contends the RFC finding is not consistent with her limitations and asserts she is limited to a restricted range of sedentary rather than light work. ECF No. 8 at 12. The residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In making this finding, the

ORDER ~ 13

ALJ need only include credible limitations supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Plaintiff fails to identify any evidence in the record supporting a limitation to sedentary work and does not address the medical opinions supporting the ALJ's decision. In particular, the ALJ gave great weight to the opinion of the medical expert, James M. McKenna, M.D., who testified Plaintiff is capable of light work with some postural and hazard limitations and stated, "I don't see a really good basis for bringing her down to sedentary." Tr. 23, 126-27. The ALJ's RFC finding that Plaintiff can do light work with some postural and hazard limitations is supported by substantial evidence.

Without citing any supporting evidence in the record or any legal authority, Plaintiff also contends the jobs identified by the vocational expert do not account for all of her limitations. ECF No. 8 at 13. At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to prove that, based on the claimant's residual functional capacity, age, education, and past work experience, she can do other work. *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987); 20 C.F.R. §§ 404.1520(g), 404.1560(c). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The vocational expert may testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy. *Tackett*, 180 F.3d

ORDER ~ 14

at 1101. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101.

Plaintiff suggests that limitations on the use of her hands and an inability to stay on task throughout the day should have been included in the RFC and hypothetical to the vocational expert. ECF No. 8 at 13. However, Plaintiff fails to identify any medical evidence supporting the limitations alleged. ECF No. 8 at 13. The ALJ gave great weight to the opinions of Dr. Chandler and Dr. McKenna who assessed limitations consistent with the RFC and hypothetical. Thus, ALJ's the RFC and step five findings are legally sufficient and based on substantial evidence in the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 8, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 9, is GRANTED.

ORDER ~ 15

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** June 8, 2020.

                *s/ Fred Van Sickle*
                Fred Van Sickle
        Senior United States District Judge

ORDER ~ 16